IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$20,887.00 IN UNITED STATES CURRENCY,

    Defendant.

___

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***
___

    The United States of America, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(2), states:

JURISDICTION AND VENUE

    1.    The United States of America (the United States) has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. § 881, seeking forfeiture of defendant property based on violations of the narcotics provisions of 21 U.S.C. §§ 801 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

    2.    Venue is proper under 21 U.S.C. § 881(j), 19 U.S.C. § 1605 and 28 U.S.C. § 1395, as defendant property is located, and some of the acts described herein occurred, in the District of Colorado.

DEFENDANT PROPERTY

3. Defendant property is described as $20,887.00 in United States Currency ("defendant Currency") seized on August 5, 2010, from a vehicle driven by Juan Carlos Alvarez at the intersection of East Colfax Avenue and Sable Boulevard, Aurora, Colorado. Defendant Currency is currently held by the United States Marshals Service in Denver, Colorado.

FACTUAL BASIS FOR FORFEITURE

4. Except as otherwise noted, all of the following facts and information have been discovered through my own investigation, and the observations and investigations of fellow law enforcement officers as reported to me.

5. On August 5, 2010, Officer Alfred Roberson of the Aurora Police Department was dispatched to a report of gun shots fired in the area of East Colfax Avenue and Sable Boulevard. Officer Roberson contacted the reporting party, Juan Carlos Alvarez, who told Officer Roberson that he, Alvarez, was driving Southbound in the 2800 block of Sable Boulevard when an unknown green Subaru with California plates started shooting at him while he was pulling into the parking lot of the "Z" Mart convenience store. Alvarez reported he was fleeing from the alleged Subaru when he collided with a white commercial truck.

6. Officer Roberson requested that other officers respond to the area of the reported shooting to assist with the investigation. Those officers were unable to locate any shell casings or witnesses to the alleged shooting, or to a dispute of any kind. There were no bullet holes in the Navigator and the only visible damage to the vehicle was the passenger side mirror that was broken off when Alvarez collided with the truck.

7. Alvarez was unable to provide proof of insurance or a driver's license. After a computer check revealed that his driving privileges were revoked from the state of California, Alvarez was arrested for driving under revocation, reckless driving, and failing to provide evidence of insurance. During the search of Alvarez' person, Officer Roberson discovered approximately $800.00 in United States Currency in Alvarez's pockets (part of defendant Currency). At that time Alvarez stated to Officer Roberson that he had spent time in prison in California for distribution of methamphetamine.

8. The registered owner of the Navigator, Ysmael Perez, arrived on the scene and gave consent for the officers to search the vehicle. As a result of Alvarez's admission of incarceration for narcotics distribution charges, Officer Roberson called in Aurora Police Department Narcotics K-9 Officer Scott Cooper. Officer Cooper's drug K-9, "Zeke," was deployed on the vehicle and alerted to the center console of the vehicle, where Officer Cooper found approximately $20,000.00 in United States Currency, rubber banded in one lump (the remainder of defendant Currency). Officer Cooper asked the registered owner, Ysmael Perez, if the currency belonged to him, and he responded, "No, I wished it was." When asked why Alvarez was driving the vehicle Perez responded that Alvarez didn't have a vehicle, so he asked to borrow Perez's vehicle for a couple of days.

9. When asked about defendant Currency, Alvarez explained that the currency in his pocket was about $800.00 from his paycheck and was to be used to pay his rent. Alvarez claimed that the money in the console of the vehicle was about $20,000.00 and was proceeds from the sale of a 2005 Cadillac Escalade earlier that day. Alvarez was not able to provide a receipt for the sale, the name, address, or phone number of the alleged purchaser of the Cadillac. He said he spoke with the person on his cell phone but could not identify which phone number on his cell phone belonged

to the purchaser. Alvarez told Officer Cooper that he would be able to track down the purchaser of the Cadillac in a day or two once he was out of jail and that he would telephone the officer with that information. This never happened. Law Enforcement found no evidence of a Cadillac Escalade being registered to Alvarez, or any other vehicle.

10. Alvarez was transported to the Aurora City Jail, and the Navigator was impounded pending further investigation. Defendant Currency, which was determined to be a total of $20,887.00, was taken to the Aurora Police Department and placed into two bags next to a third bag containing un-circulated currency. "Zeke" was deployed on the currency, and he positively alerted on the two bags of seized currency, indicating recent contact with a controlled substance.

11. Officer Cooper later contacted Alvarez at the jail and attempted to obtain the name of the alleged purchaser of the Cadillac. He told Alvarez that he believed the dispute was over a drug deal and wanted to know if his family was in danger. At that time Alvarez began to cry and became very upset. Officer Cooper told Alvarez that he needed to be truthful and if there was danger he could arrange for his family to be safe. Alvarez declined and told the officer that he would call him later and tell him the truth about the people that were after him. This never happened.

12. A check of state wage records for Juan Carlos Alvarez reveals a total of $13,977.50 reported in the second and third quarters of 2009 from employer Concrete Works of Colorado, but nothing before or since that time.

13. A check of criminal activity for Juan Carlos Alvarez reveals numerous felony drug and non-drug charges in Montana and California, including at least three convictions of Distribution of Methamphetamine. In fact, subsequent to the arrest described herein, the United States discovered that a Bench Warrant had been issued for Alvarez by the State of California in relation to a 2009

arrest in Ceres, California during which Alvarez was in possession of 53.2 grams of methamphetamine.

14. The facts set forth above are not all of the facts known to the investigation, but are sufficient to establish probable cause to believe the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

### VERIFICATION OF TASK FORCE OFFICER JOHN F. BORQUEZ
### DRUG ENFORCEMENT ADMINISTRATION

I, DEA Task Force Officer John F. Borquez, hereby state and aver under the pains and penalties of perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and information contained therein is true, to the best of my information and belief.

s/ *John Borquez*
John F. Borquez, Task Force Officer
Drug Enforcement Administration

STATE OF COLORADO    )
CITY AND             )ss.
COUNTY OF DENVER     )

The foregoing VERIFIED COMPLAINT FOR FORFEITURE *IN REM* was subscribed before me this 1st day of February, 2011, by John F. Borquez, Drug Enforcement Administration Task Force Officer.

s/ *Nicole C. Davidson*
My Commission Expires 6/15/2014         Notary Public, State of Colorado

## FIRST CLAIM FOR RELIEF

15. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

16. By the foregoing and other acts, defendant $20,887.00 in U.S. Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance in violation of 21 U.S.C. § 801, et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

17. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

18. By the foregoing and other acts, defendant $20,887.00 in U.S. Currency constitutes proceeds traceable to an exchange for controlled substances in violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

## THIRD CLAIM FOR RELIEF

19. The Plaintiff repeats and incorporates by reference each of the paragraphs above.

20. By the foregoing and other acts, defendant $20,887.00 in U.S. Currency constitutes money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq., and therefore, is forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant property in favor of the United States, that the United States be authorized to dispose of the property in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant property and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

Respectfully submitted this 1st day of February, 2011.

                                JOHN F. WALSH
                                United States Attorney

By: s/ *Martha A. Paluch*
      Martha A. Paluch
      Assistant United States Attorney
      1225 17th Street, Suite 700
      Denver, Colorado 80202
      Telephone: (303) 454-0100
      FAX: (303) 454-0402
      E-mail: Martha.paluch@usdoj.gov
      Attorney for Plaintiff