IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00264-ZLW-MJW

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$20,887.00 IN UNITED STATES CURRENCY,

      Defendant.

---

## CLAIMANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

---

Claimant, Juan Carlos Alvarez, by and through his Attorney Douglas Romero, files his answer, in response to the verified complaint in rem filed in this action and states:

### JURISDICTION AND VENUE

1.    Claimant admits that jurisdiction is proper. Claimant denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.    Claimant admits the venue is proper. Claimant denies the remaining allegations contained in paragraph 2 of the Plaintiff's Complaint.

### DEFENDANT PROPERTY

3.    Claimant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

## FACTUAL BASIS FOR FORFEITURE

4.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiff's Complaint, and, therefore, denies the same.

5.      As to paragraph 5 of Plaintiff's Complaint, Claimant admits that he reported to law enforcement on August 5, 2010 that he was driving Southbound in the 2800 block of Sable Boulevard when an unknown green Subaru with California plates started shooting at him while he was pulling into the parking lot of the "Z" Mart convenience store. Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Complaint, and, therefore, Claimant denies the same.

6.      Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, and, therefore, Claimant denies the same.

7.      As to paragraph 7 of Plaintiff's Complaint, Claimant admits that he was arrested for driving under revocation, reckless driving, and failing to provide evidence of insurance. Claimant further admits that Officer Robinson discovered approximately $800.00 in United States currency in his pocket. Claimant denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      As to paragraph 8 of Plaintiff's Complaint, Claimant admits that Officer Robinson found approximately $20,000 in United States Currency in the Navigator that Claimant was driving. Claimant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint, and, therefore, Claimant denies the same.

9. Claimant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10. As to paragraph 10 of Plaintiff's Complaint, Claimant admits that he was transported to the Aurora City Jail and that the total currency seized from him was $20,887.00. Claimant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Complaint, and, therefore, Claimant denies the same.

11. Claimant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Plaintiff's Complaint, and, therefore, Claimant denies the same.

13. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Plaintiff's Complaint, and, therefore, Claimant denies the same.

14. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Plaintiff's Complaint, and, therefore, Claimant denies the same.

## FIRST CLAIM FOR RELIEF

15. Paragraph 15 of Plaintiff's Complaint is an incorporation paragraph and does not require a response from Claimant. To the extent a response is required, Claimant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Claimant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF

17. Paragraph 17 of Plaintiff's Complaint is an incorporation paragraph and does not require a response from Claimant. To the extent a response is required, Claimant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Claimant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

19. Paragraph 19 of Plaintiff's Complaint is an incorporation paragraph and does not require a response from Claimant. To the extent a response is required, Claimant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Claimant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

21. The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

22. The Claimant is an innocent owner of the res seized and the acts or omissions alleged in the Complaint were committed without his knowledge.

## THIRD AFFIRMATIVE DEFENSE

23. The Claimant is an innocent owner of the res seized as the term is defined under 18 U.S.C. 983(d) in that he did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, he did all that reasonably could be expected under the circumstances to terminate such use of the property.

## FOURTH AFFIRMATIVE DEFENSE

24. The arrest and investigation of the res seized violated Claimant's Fourth Amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

## FIFTH AFFIRMATIVE DEFENSE

25. The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons:

   (a) The forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorizing by a judicial officer,

   (b) The forfeiture statute provides for the forfeiture of property from parties who are completely innocent of any criminal wrongdoings. These sections penalize ownership of the Claimant property regardless of the existence or nonexistence of any criminal intent.

## SIXTH AFFIRMATIVE DEFENSE

26. Forfeiture of the res seized would violate Claimant's Eighth Amendment rights under the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

27. Forfeiture of the res seized would violate Claimant's rights under 18 U.S.C. §983(g).

28. Claimant reserves the right to assert additional defenses, affirmative or otherwise, the existence of which become known during discovery.

WHEREFORE, the Claimant demands a trial by jury.

Dated this 25th day of April 2011.


Respectfully submitted,


/s/Douglas L Romero
Douglas L. Romero, #35464
The Law Office of Douglas Romero, LLC
Attorney for Claimant
200 S. Sheridan Blvd., Ste. 150
Denver, Colorado 80226
Tel: (303) 934-7500
Fax: (303) 934-0300

## Certificate of Service

I hereby certify that on this day of 25th day of April, 2011, I electronically filed the foregoing **CLAIMANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND** with the clerk of Court using the CMF/ECF system which will send notification of such filing to the following address:

UNITED STATES DISTRICT COURT
ALFRED A. ARRAJ US COURTHOUSE
901 19th Street
Denver, CO  80294

MARTHA PALUCH
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
1225 17th Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: Martha.Paluch@usdoj.gov
*Attorney for Plaintiff*


/S/ Sheila Sweeney
Sheila Sweeney