IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00264-WJM-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

$20,887.00 IN UNITED STATES CURRENCY,

    Defendant.

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date of the conference:    June 10, 2011 at 9:00 a.m.

Appearances:

United States:
    Martha A. Paluch
    Assistant United States Attorney
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    (303) 454-0100

Claimant Juan Carlos Alvarez:
    ~~Douglas L. Romero~~ / Jason Allemann
    Law Office of Douglas L. Romero, LLC
    200 South Sheridan Boulevard, #150
    Denver, Colorado 80226
    (303) 934-7500

### 2. STATEMENT OF JURISDICTION

The United States alleges this Court has jurisdiction in this case pursuant to 28 U.S.C. §§1345 and 1355.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff:   The United States seeks forfeiture of defendant property pursuant to 21 U.S.C. § 881, as property constituting proceeds traceable to an exchange of controlled substances, money furnished or intended to be furnished by any person in exchange for a controlled substance, and property used and intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 801, et seq.

b.     Defenses and Claims of Claimant:  Claimant filed an Answer on April 25, 2011. His Answer contained the following Claims and Defenses: Claimant asserts that the circumstances as set forth in the Complaint fails to establish the fair probability that the property to be forfeited in this case are the proceeds or facilitating property of illegal activity.  Furthermore, Claimant asserts the following affirmative defenses:

1.     The Complaint fails to state a cause of action.

2.     The Claimant is an innocent owner of the seized property and the acts or omissions alleged in the Complaint were committed without his knowledge.

3.     The Claimant is an innocent owner of the res seized as the term is defined under 18 U.S.C. 983(d) in that he did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, he did all that reasonably could be expected under the circumstances to terminate such use of the property.

4.     The arrest and investigation of the res seized violated Claimant's Fourth Amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

5. The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution for the following reasons:

a) The forfeiture statute provides for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorized by a judicial officer.

b) The forfeiture statute provides for the forfeiture of property from parties who are completely innocent of any criminal wrongdoings. These sections penalize ownership of the Claimant's property regardless of the existence or nonexistence of any criminal intent.

6. Forfeiture of the res seized would violate Claimant's Eight Amendment rights under the United States Constitution.

7. Forfeiture of the res seized would violate Claimant's rights under 18 U.S.C. §983(g).

## 4. UNDISPUTED FACTS

The only facts that can be considered undisputed at this time are as follows: Claimant admits that he reported to law enforcement that he was being shot at by someone in a Green Subaru, admits to his arrest on various driving violations, admits to the discovery of the currency on his person and in his vehicle and that the total amount seized was $20,887.00, and denies all remaining allegations except for jurisdiction and venue. All other facts are in dispute.

## 5. COMPUTATION OF DAMAGES

a.      The relief sought by the United States is an Order of Forfeiture forfeiting defendant property to the United States, to be disposed of in accordance with law.

b.      The relief sought by Claimant is that the claimed property not be ordered forfeited and that said property be returned to the Claimant by the Court.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting:  The Rule 26(f) requirements are inapplicable to this civil forfeiture action in rem arising from a federal statute.  Fed. R. Civ. P. 26(a)(1)(B)(ii).  Nevertheless, counsel have conferred telephonically in compliance with Rule 26(f), most recently on May 20, 2011.

b.      Names of participant and party he represented:  Assistant United States Attorney Martha A. Paluch represented the United States; Jason Alleman, from the law firm of Douglas L. Romero, Esq. represented claimant.

c.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  The Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action in rem arising from a federal statute.  Fed. R. Civ. P. 26(a)(1)(B)(ii).

d.      Statement as to when Rule 26(a)(1) disclosures were made or will be made:  Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action in rem arising from a federal statute.  Fed. R. Civ. P. 26(a)(1)(B)(ii).

e.      The parties have agreed to conduct informal discovery, by exchanging documents and continued settlement discussions. There is no agreement for joint interview of potential witnesses.

  f. The parties agree that there will not be a significant amount of electronically stored information.

## 7. CONSENT

The parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

  a. Deadline for Joinder of Parties and Amendment of Pleadings: ~~October 7, 2011~~ July 11, 2011

  b. Discovery Cut-off: December 2, 2011

  c. Dispositive Motion Deadline: January 20, 2012

  d. Expert Witness Disclosure: ~~February 17, 2012~~

    1. State anticipated fields of expert testimony, if any: For the United States: Expert testimony as to drug trafficking practices and procedures.

    2. State any limitations proposed on the use or number of expert witnesses: ~~None.~~ One Expert Per Party Without Leave of Court

    3. Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

Initial Disclosure of Experts on October 3, 2011. Rebuttal Expert Disclosure on November 3, 2011

  e. Deposition Schedule: All Depositions Including the experts Shall be Completed by December 2, 2011

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Juan Carlos Alvarez | 11/9/11 | 9:00 a.m. | 4 hours |
| Ysmael Perez | 11/9/11 | 1:00 p.m. | 4 hours |
| Officer Alfred Robinson | 11/10/11 | 9:00 a.m. | 4 hours |
| Investigator Scott Cooper | 11/10/11 | 1:00 p.m. | 4 hours |

f. Interrogatory Schedule: The parties will serve an initial set of interrogatories no later than September 2, 2011, with responses due no later than 30 days after receipt.

g. The parties will submit their requests for production of documents and admissions no later than September 2, 2011, with responses due no later than 30 days after receipt.

h. Discovery Limitations:

1. Any limits which any party wishes to propose on the number of depositions: Each party will be limited to four (4) depositions per party opponent [excluding the experts].

2. Any limits which any party wishes to propose on the length of depositions: Each deposition [including the experts] will be limited to one day of four (4) hours.

3. Modification which any party proposes on the presumptive numbers of interrogatories contained in the federal rules: The parties agree that the presumptive number of 25 interrogatories each party may serve on any other party is sufficient.

4. Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: The parties agree that the

6

presumptive number of 25 requests for production of documents and 50 requests for admissions.

     5.    Other Planning or Discovery Orders: None.

## 9. SETTLEMENT

The parties certify, pursuant to Fed.R.Civ.P 26(f), that they have ~~not yet~~ discussed the possibility for a prompt settlement or a resolution of the case by alternative dispute resolution.

## 10. OTHER SCHEDULING ISSUES

a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: None.

b.    Anticipated length of trial and whether trial is to the court or jury: 3 day trial to a Jury. Trial will be Held in The Arraj Courthouse.

## 11. DATES FOR FURTHER CONFERENCES

a.    A settlement conference will be held on August 15, 2011 at 2:00 o'clock p.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )    Pro se parties and attorneys only need be present.

    (X)    Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

7

(X) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _August 10, 2011_ outlining the facts and issues in the case and the party's settlement position.

b. Status conferences will be held in this case at the following dates and times: _None set At This Time_

c. A final pretrial conference will be held in this case on _June 12, 2012_ at _9:00_ o'clock _A_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 10TH day of June 2011.

BY THE COURT:

MICHAEL J. WATANABE
United States Magistrate Judge


APPROVED:   By:   s/ Martha A. Paluch
MARTHA A. PALUCH
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
FAX: (303) 454-0402
E-mail: Martha.Paluch@usdoj.gov
Attorney for Plaintiff


APPROVED:   By:   s/ Douglas L. Romero
Douglas L. Romero
Law Office of Douglas L. Romero, LLC
200 South Sheridan Boulevard, #150
Denver, Colorado 80226
Telephone: (303) 934-7500
FAX: (303) 934-0300
E-mail: dougromero@coloradochristiandefensecounsel.com
Attorney for Claimant