IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00264-WJM-MJW

UNITED STATES OF AMERICA,

        Plaintiff,

v.

$20,887.00 IN UNITED STATES CURRENCY,

        Defendant.

## JOINT STATUS REPORT – JUNE 27, 2011

COMES NOW Plaintiff the United States of America, through Assistant U.S. Attorney Martha A. Paluch, and Claimant, Juan Carlos Alvarez, through his counsel Douglas L. Romero, Esq. and Jason Alleman, Esq., and pursuant to this Court's June 13, 2011 Order Directing Joint Status Report, state the following:

### A. Identification of All Counsel

Plaintiff the United States of America is represented by Assistant U.S. Attorney Martha A. Paluch.

Claimant Juan Carlos Alvarez is represented by Douglas Romero and Jason Alleman of the Law Office of Douglas L. Romero, LLC.

### B. Nature of the Case

    1. Claims and Defenses of the Parties

Plaintiff: The United States seeks forfeiture of defendant property pursuant to 21 U.S.C. § 881, as property constituting proceeds traceable to an exchange of controlled substances, money furnished or intended to be furnished by any

1

person in exchange for a controlled substance, and property used and intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 801, et seq.

Claimant: Claimant filed an Answer on April 25, 2011. His Answer contained the following Claims and Defenses: Claimant asserts that the circumstances as set forth in the Complaint fails to establish the fair probability that the property to be forfeited in this case are the proceeds or facilitating property of illegal activity. Furthermore, Claimant asserts the following affirmative defenses:

a) The Complaint fails to state a cause of action.

b) The Claimant is an innocent owner of the seized property and the acts or omissions alleged in the Complaint were committed without his knowledge.

c) The Claimant is an innocent owner of the res seized as the term is defined under 18 U.S.C. § 983(d) in that he did not know of the conduct giving rise to forfeiture; or upon learning of the conduct giving rise to the forfeiture, he did all that reasonably could be expected under the circumstances to terminate such use of the property.

d) The arrest and investigation of the res seized violated Claimant's Fourth Amendment rights under the United States Constitution because the search and seizure was not based upon probable cause.

e) The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution for the following

reasons:

    1)    The forfeiture statute provides for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorized by a judicial officer.

    2)    The forfeiture statute provides for the forfeiture of property from parties who are completely innocent of any criminal wrongdoings. These sections penalize ownership of the Claimant's property regardless of the existence or nonexistence of any criminal intent.

    f)    Forfeiture of the res seized would violate Claimant's Eighth Amendment rights under the United States Constitution.

    g)    Forfeiture of the res seized would violate Claimant's rights under 18 U.S.C. § 983(g).

    2.    Principle Legal and Factual Issues

The principle legal and factual issue in this case is whether the United States can meet its burden of proving that the defendant currency is drug proceeds. The United States believes the money seized is forfeitable pursuant to 21 U.S.C. § 881 as drug proceeds given Claimant Alvarez's illegal drug trafficking activities, the positive drug sniff alert on the defendant currency, the lack of support for Claimant's explanation of the source of the currency, and the Claimant's lack of legitimate income.

The Claimant believes that the seized currency is not subject to forfeiture because it was attained through legal means and no drugs or drug paraphernalia were found in the vehicle that Mr. Alvarez was driving or any such items on the person of Mr. Alvarez on August 5, 2010.

3

>    3.   Federal Jurisdiction
>
>    Federal jurisdiction is not contested.

**C.   Proceedings to Date**

>    1.   No substantive rulings have occurred in this case.
>
>    2.   No motions are pending at this time.
>
>    A Scheduling/Planning Conference was held on June 10, 2011, at 9:00 a.m.
>
>    A Scheduling Order was filed that same day.  (Doc. 16).

**D.   Final Trial Preparation Conference and Trial**

>    1.   A final trial preparation conference has been scheduled for March 12, 2012.
>
>    2.   No trial date has been set in this case.

**E.   Settlement**

The United States offered to settle this case by returning $5,887 to Claimant Alvarez and forfeiting the remaining $15,000.  Claimant Alvarez, through his counsel, rejected this offer, and countered with a settlement of 50 percent of the funds being returned to Claimant and the remaining 50 percent of the funds being forfeited to the United States.  The United States rejected this counteroffer.

**F.   Other Matters**

Despite repeated requests, to date, no documentation has been submitted to the United States identifying the source of the defendant currency.

Respectfully submitted,

JOHN F. WALSH
United States Attorney

By:     s/ *Martha A. Paluch*
        Martha A. Paluch
        Assistant United States Attorney
        1225 17th Street, Suite 700
        Denver, CO 80202
        Telephone: (303) 454-0100
        E-mail:  Martha.Paluch@usdoj.gov
                 Patricia.Davies@usdoj.gov
        Attorneys for Plaintiff


By:     s/ *Douglas L. Romero*
        Douglas L. Romero

By:     s/ *Jason Alleman*
        Jason Alleman
        Law Office of Douglas L. Romero, LLC
        200 South Sheridan Boulevard, #150
        Denver, Colorado 80226
        Telephone: (303) 934-7500
        FAX: (303) 934-0300
        E-mail: dougromero@coloradochristiandefensecounsel.com
        Attorneys for Claimant